# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

MICHAEL WADE DAVISON,

        Plaintiff,

      v.

KRISTINA ANDERSON and COLTON
BISCHOFF-DIMOND,

        Defendants.

Case No. 3:24-cv-00274-RRB

## ORDER OF DISMISSAL & NOTICE OF STRIKE

On April 24, 2025, self-represented litigant Michael Wade Davison ("Plaintiff") filed a Notice of Change of Address and a non-prisoner Application to Waive the Filing Fee after he was released from the custody of the Alaska Department of Corrections ("DOC").[1] On May 28, 2025, the Court issued an order dismissing the complaint in this case for failing to adequately state a claim for which relief may be granted.[2] The Court accorded Plaintiff 60 days to file an amended complaint and explained that failure to file either a First Amended Complaint or Notice of Voluntary Dismissal before the Court's deadline would result in dismissal of this case as a strike under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.[3]

---

[1] Dockets 7–8.

[2] Docket 9.

[3] Docket 9 at 16.

On June 2, 2025, the Screening Order was returned to the Court as undeliverable.[4] According to Alaska's automated inmate information and notification service, Plaintiff was released from the physical custody at the Mat-Su Pretrial Facility under the supervision of DOC's Division of Pretrial, Probation, and Parole.[5] To date, Plaintiff has not contacted the Court since his last filing was docketed on April 24, 2025.[6]

The Court's Standing Order explained that self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[7] The Standing Order also informed Plaintiff that failure to keep a current address on file with the Court could result in dismissal of this case without further notice to Plaintiff.[8] When an order of the Court or other mail is returned to the Court as undeliverable, a party

---

[4] Docket 10.

[5] Information regarding inmates in the custody of the Alaska Department of Corrections, such as an inmate's current location and tentative release date, is available through the Victim Information and Notification Everyday ("VINE") service at www.vinelink.com.

[6] Docket 8.

[7] Docket 5 at 4. *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[8] Docket 6 at 4–5. *See also* Alaska Local Civil Rule 11.1(b)(2) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 3:24-cv-00274-RRB, *Davison v. Anderson*
Order of Dismissal & Notice of Strike
Page 2 of 5

Case 3:24-cv-00274-RRB    Document 11    Filed 08/29/25    Page 2 of 5

must update his contact information within 14 days of the date of the that order, or the Court may dismiss the case for failure to prosecute.[9] Before dismissing a complaint for failure to comply with an order or procedural rule, courts in the Ninth Circuit must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[10]

It has been a month since Plaintiff missed the Court's deadline to file an amended complaint.[11] Although Plaintiff may not have been aware of that deadline since the Screening Order was returned to the Court as undeliverable, Plaintiff was informed of the Court's requirement to keep his contact information current,[12] and he demonstrated his understanding by updating his address when he was released from custody.[13] It has now been almost three months since the Screening Order was returned to the Court as undeliverable[14] and over four months since Plaintiff

---

[9] *See* Alaska Local Civil Rule 11.1(b)(3) (allowing the Court to dismiss a case when a self-represented party fails to update their address and any orders or other mail is returned as undeliverable).

[10] *See Pagtalunan v. Galaza,* 291 F.3d 639, 642–43 (9th Cir.2002) (discussing the factors federal courts must consider in determining whether to dismiss for failure to prosecute or failure to comply with a court order).

[11] Docket 9.

[12] Docket 5 at 4.

[13] Docket 7.

[14] Dockets 8–9.

Case No. 3:24-cv-00274-RRB, *Davison v. Anderson*
Order of Dismissal & Notice of Strike
Page 3 of 5

Case 3:24-cv-00274-RRB     Document 11     Filed 08/29/25     Page 3 of 5

filed his notice of change of address.[15] Therefore, this case must be dismissed for failure to comply with a local rule,[16] failure to comply with an order of the Court,[17] and failure to prosecute.[18] The Court finds no other lesser sanction to be satisfactory or effective in this case.[19] Because Plaintiff was a prisoner at the time this case was filed, this dismissal will count as a "strike" under § 1915(g),[20] which may limit Plaintiff's ability to bring future civil rights cases under Section 1983 in federal court.[21]

---

[15] Dockets 7, 9, 10.

[16] *Thompson v. Housing Auth. of L.A.,* 782 F.2d 829, 831 (9th Cir. 1986).

[17] Federal Rule of Civil Procedure 41(b). *See also Ferdik v. Bonzelet,* 963 F.2d 1258, 1260 (9th Cir. 1992).

[18] *See Pagtalunan v. Galaza,* 291 F.3d 639, 642–43 (9th Cir.2002) (discussing the factors that courts must consider in determining whether to dismiss for failure to prosecute or failure to comply with a court order).

[19] *See, e.g., Henderson,* 779 F.2d at 1424 (a district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives) (internal citation omitted); *Gleason v. World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. 2013) (finding dismissal under Rule 41(b) appropriate where the court previously attempted the lesser sanction of issuing an order to show cause and giving the plaintiff an additional opportunity to re-plead).

[20] *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (holding that when a district court dismisses a complaint on the ground that it fails to state a claim but grants leave to amend, and the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)). *See also O'Neal v. Price,* 531 F.3d 1146, 1152 (9th Cir. 2008) (concluding that a plaintiff has "brought" an action for the purposes of Section 1915(g) when he submits the operative complaint).

[21] When a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes,* 493 F.3d 1047, 1055 (9th Cir. 2007).

Case No. 3:24-cv-00274-RRB, *Davison v. Anderson*
Order of Dismissal & Notice of Strike
Page 4 of 5
Case 3:24-cv-00274-RRB     Document 11     Filed 08/29/25     Page 4 of 5

**IT IS THEREFORE ORDERED:**

1.      This case is **DISMISSED with prejudice**.

2.      This dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

3.      All pending motions are **DENIED as moot**.

4.      The Clerk shall issue a final judgment and close this case.

DATED this 29th day of August, 2025, at Anchorage, Alaska.

>                    */s/ Ralph R. Beistline*
>                    RALPH R. BEISTLINE
>                    SENIOR UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00274-RRB, *Davison v. Anderson*
Order of Dismissal & Notice of Strike
Page 5 of 5

Case 3:24-cv-00274-RRB      Document 11      Filed 08/29/25      Page 5 of 5